Filed 4/17/13  P. v. Perez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSE A. PEREZ,<br><br>    Defendant and Appellant. | F064389<br><br>(Super. Ct. No. CRF36339)<br><br>**OPINION** |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  Eric L. DuTemple, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

_____

[*]Before Wiseman, Acting P.J., Levy, J., and Peña, J.

Pursuant to a plea agreement, on November 7, 2011, appellant, Jose A. Perez, pled guilty to possession of methamphetamine for purposes of sale (Health & Saf. Code, § 11378; count I) and possession of oxycodone for purposes of sale (Health & Saf. Code, § 11351; count II), and admitted allegations that he had suffered a "strike"[1] and that he had served a prison term for a prior felony conviction (Pen. Code, § 667.5, subd. (b)). On December 5, 2011, the court imposed the stipulated sentence of eight years four months, consisting of three years on count II and eight months on count I, each term doubled pursuant to the three strikes law (Pen. Code, §§ 667, subd. (e)(1), 1170.12, subd. (c)(1)), for a total of seven years four months on the substantive offenses, plus one year on the prior prison term enhancement.

On February 8, 2012, appellant filed a notice of appeal. By its order of July 6, 2012, this court deemed the notice of appeal timely filed. Insofar as the record reveals, appellant did not request, and the court did not issue, a certificate of probable cause (Pen. Code, § 1237.5).

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant, apparently in response to this court's invitation to submit supplemental briefing, has submitted a brief in which he argues that the court erred by not advising him of the direct consequences of his plea. We affirm.

---

[1] We use the term "strike" as a synonym for "prior felony conviction" within the meaning of the "three strikes" law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12), i.e., a prior felony conviction or juvenile adjudication that subjects a defendant to the increased punishment specified in the three strikes law.

## FACTS

The report of the probation officer states that among the items found during a parole search of appellant's residence on August 10, 2011, were 15 individual packages of methamphetamine, weighing a total of 7.24 grams, 65 oxycodone pills, a digital scale, $954 in cash, and a cellular phone "containing conversations related to the sales of narcotics."

## DISCUSSION

Appellant contends the court erred in failing to advise him, prior to taking his plea, that because he had suffered a strike, his ability to earn in-prison conduct credits would be limited to 20 percent of his total term of imprisonment (Pen. Code, §§ 667, subd. (c)(5), 1170.12, subd. (a)(5)). However, because this argument is, in effect, a challenge to the validity of appellant's plea, and appellant did not obtain a certificate of probable cause, he may not raise this on appeal. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098-1099; *People v. Panizzon* (1996) 13 Cal.4th 68, 74-75.)

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

## DISPOSITION

The judgment is affirmed.